IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN E. MARION,

Petitioner,

v.

CIVIL ACTION NO.: CV210-143

JOE BADEN, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John E. Marion ("Marion"), who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Jeff Davis County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Marion filed a response to the Motion to Dismiss. For the reasons which follow, Respondent's Motion should be **GRANTED** and Marion's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Marion was indicted by a Jeff Davis County grand jury on December 12, 1996, for armed robbery, murder, and possession of a firearm during the commission of felony. (Doc. No. 16-5, pp. 15-18). The State filed notice of intent to seek the death penalty. (Id. at p. 52). On May 31, 2002, pursuant to a negotiated plea agreement, Marion pled guilty to armed robbery and murder, and was sentenced to consecutive life sentences on each count. (Doc. No 6-9, pp. 41 - 47). He agreed not to appeal his convictions and sentences as part of the plea bargain. (Id. at p. 45).

Marion filed a motion for an out-of-time appeal on February 16, 2009, which the trial court denied on February 24, 2009. (Doc. No. 6-11, pp. 58 - 69). Marion appealed the trial court's denial of his motion for out-of-time appeal, and the Supreme Court of Georgia affirmed the trial court's judgment on May 3, 2010. Marion v. State, 287 Ga. 134, 695 S.E.2d 199 (2010).

Marion filed a state habeas corpus petition in the Superior Court of Washington County on March 9, 2009. (Doc. No. 6-2). Following a hearing, on July 9, 2009, the habeas court dismissed the petition as untimely filed pursuant to O.C.G.A. § 9-14-48(c), which imposes a four-year period of limitations on state habeas corpus petitions. (Doc. No. 6-3). The Supreme Court of Georgia affirmed the habeas court's dismissal of the petition on March 29, 2010. Marion executed this federal petition on August 20, 2010. (Doc. No. 1).

Respondent filed a Motion to Dismiss Marion's petition as being untimely filed. Marion responded that Respondent's Motion was filed late, and because of that, his petition should not be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

AO 72A
(Rev. 8/82)

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, a petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Secr'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Here, the guilty plea was entered on March 31, 2002. In Georgia there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. Smith v. State, 266 Ga. 687, 470 S.E.2d 436 (1996). A notice of appeal must be filed within 30 days of the judgment of conviction, pursuant to O.C.G.A. § 5-6-38. Here, Marion waived any appeal, but, giving him the benefit of these 30 days, his convictions were "final" no later than thirty days after March 31, 2002—on April 30, 2002. He had one year from the date his convictions were final to file a federal petition, or toll the limitations period by filing a state collateral attack; he did neither. Marion did not file his state habeas corpus petition until 2009, after the federal (and state) limitations period had expired. Thus, the petition had no tolling effect because there was no time left to toll. Sibley, 377 F.3d at

3

1204. Marion's motion for out-of-time appeal did not toll the limitations period, since it also was filed after the limitations period had expired. Nor did the motion affect the finality of the convictions, since it was not granted. See Jimenez v. Quarterman, 555 U.S. 113 (2009).

Marion's assertion that the Respondent's Motion to be Dismiss should be denied for late filing is without merit. Respondent was ordered to file a Motion to Dismiss or an answer within sixty days after the service of Marion's Petition. (Doc. No. 3). That Order and the Petition were served on September 29, 2010, and received by the Respondent on September 30, 2010. Respondent's Motion to Dismiss was timely filed on December 1, 2010. See FED. R. CIV. P. 6.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Marion's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 28th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE